EBENEZER HOBBS & others, Executors, *vs.* STEPHEN FOGG & others.

A certificate of discharge, granted by two magistrates to a poor debtor before the expiration of an hour from the time appointed in the citation to the creditor, and before the appearance of the creditor, who has given no notice of his intention to appear, but does afterwards appear within the hour, is void.

ACTION OF CONTRACT, commenced by James Brown, and prosecuted by his executors, on a bond for the liberty of the prison limits. Answer, a certificate of discharge of the debtor from imprisonment by taking the poor debtors' oath. The parties submitted the question, whether the debtor was discharged too soon, to the decision of the court upon the following statement of facts, so far as it would be competent evidence:

A citation, duly served upon the creditor, designated " Wednesday the seventh day of April instant at two o'clock in the afternoon " as the time, and the office of the jailer at East Cambridge as the place, of the debtor's examination, and this was the only notice given to the creditor. At two o'clock, the justices and the debtor appeared at the place appointed, and the justices organized for the examination of the debtor, and then

delayed fifteen or twenty minutes; but, no one appearing in be-half of the creditor, and no notice having been given to them or to the debtor of any intention of the creditor or his attorney to appear, the justices duly examined the debtor, administered the oath, and made and delivered the certificate to the jailer, who thereupon discharged the debtor, who immediately went without the jail limits. All the proceedings before the justices were conducted according to their usual practice in like cases, and were concluded and the debtor discharged before half past two o'clock. The attorney of the creditor arrived at the place appointed at half past two, for the purpose of examining the debtor, and found that the proceedings had been concluded, and the debtor and justices had gone away.

*C. B. Goodrich & C. Smith,* for the plaintiffs. The certificate of the magistrates who administer the poor debtors' oath is not conclusive of the validity of the discharge; but the irregularity of the proceedings may be shown by other evidence. *Niles* v. *Hancock,* 3 Met. 568. *Putnam* v. *Longley,* 11 Pick. 487. *Slasson* v. *Brown,* 20 Pick. 436. *Banks* v. *Johnson,* 12 N. H. 445.

At the examination of a poor debtor, as in all other proceedings before justices of the peace, parties are entitled to an hour within which to appear, before any valid proceedings can be had to affect their rights in their absence. *Niles* v. *Hancock,* 3 Met. 568. *Blanchard* v. *Walker,* 4 Cush. 455. *Banks* v. *Johnson,* 12 N. H. 445. *Downer* v. *Hollister,* 14 N. H. 122. *Dyer* v. *Smith,* 12 Conn. 384. *Burgess* v. *Tweedy,* 16 Conn. 39. *Shufelt* v. *Cramer,* 20 Johns. 309.

*S. D. Parker & A. B. Merrill,* for the defendants. As the magistrates had jurisdiction of the case, their certificate is conclusive. The facts stated do not show any want of jurisdiction in the magistrates, or any failure to perform the conditions of the statute. Rev. Sts. *c.* 98, §§ 4, 6, 8, 12, 27–33. *Haskell* v. *Haven,* 3 Pick. 404. *Hayward, petitioner,* 10 Pick. 358. *Putnam* v. *Longley,* 11 Pick. 487. *Slasson* v. *Brown,* 20 Pick. 436. *Niles* v. *Hancock,* 3 Met. 568. *Ward* v. *Clapp,* 4 Met. 455. *Raker* v. *Moffat,* 7 Cush. 259. *Agry* v. *Betts,* 3 Fairf. 415. *Hanson* v. *Dyer,* 17 Maine, 96. *Colby* v. *Moody,* 19 Maine, 111

*Perley* v. *Jewell*, 26 Maine, 101. *Clement* v. *Wyman*, 31 Maine, 55. *Raymond* v. *Southerland*, 3 Verm. 494. *Allen* v. *Hall*, 8 Verm. 34.

The question of delay or adjournment is a matter wholly for the determination of the magistrates ; and, even independently of statute or usage, their decision, if fairly made, is final. Certainly, a party who does not appear, or give notice of his intention to appear, can require nothing more than a strict compliance with the law. *Baker* v. *Moffat*, 7 Cush. 259. *Baker* v. *Holmes*, 27 Maine, 153. *Howe* v. *Newbegin*, 34 Maine, 15. *Banks* v. *Johnson*, 12 N. H. 445. But the statute expressly gives the justices discretion in the matter of adjournments, and these include postponements or delay. Rev. Sts. *c.* 98, § 5. The facts find that the course in this case was according to their usual practice ; and such is, in fact, the general practice in the county of Middlesex.

To oblige the justices to wait an hour in every case would produce a great waste of time, and a custom to appoint the examination at an hour earlier than that intended. " Two of the clock " marks the expiration of the second hour, and the point from which the third hour begins to run ; and the examination is to be held at the expiration of the second, and not of the third hour. *Park* v. *Johnston*, 7 Cush. 267. *City Bank at Providence* v. *Fullerton*, 11 Met. 78. *St.* 1844, *c.* 154, § 3.

The session of a legal tribunal is not, in contemplation of law, measured by time ; but, from the moment of its organization to that of its dissolution, constitutes but one term ; and all acts done within that term, whether it be long or short, delayed or adjourned, are, so far as regards the circumstance of time, within the jurisdiction. Here the creditor did not appear within the term. *Cunningham* v. *Ashley*, 13 Ark. 635. *Rice* v. *Wallace*, 7 Met. 431.

There is no decided case supporting the rule contended for. In *Downer* v. *Hollister*, 14 N. H. 122, the creditor appeared before the magistrates had dissolved their tribunal, or made ot delivered the certificate, and while the matter was therefore still pending before them. The rule of law stated in *Niles* v. *Han-*

*cock,* 3 Met. 568, is, that a party, who appears at the time appointed, and waits an hour, cannot be affected by subsequent proceedings in his absence; but that if the creditor does not appear, the magistrates may return and discharge the debtor after the expiration. *Dyer* v. *Smith,* 12 Conn. 384, and *Burgess* v. *Tweedy,* 16 Conn. 39, are to the like effect. The decision in *Shufelt* v. *Cramer,* 20 Johns. 309, went no farther; and the *dictum,* that the justice must wait an hour for the parties, applied to cases in which, as in that one, the justice had notice of an intention to appear; and was, moreover, founded on the New York practice.

SHAW, C. J. It is now well established that the certificate of the magistrates is not conclusive, and that the regularity of the proceedings may be inquired into on the question whether the debtor has been rightly discharged by taking the poor debtors' oath.

The ground on which a breach of the bond is claimed, is that the magistrates, in the absence of the creditor, could not proceed to examine and discharge the debtor until a reasonable time had elapsed for the appearance of the creditor, and that convenience, analogy, and usage have fixed that time at one hour from the precise time mentioned in the citation.

We are not aware that there has been a direct decision upon this subject. In *Niles* v. *Hancock,* 3 Met. 568, where the debtor failed to present himself within the hour, but arrived a few minutes after, and where the creditor had not attended, it is clearly implied, as the opinion of the court, that if the creditor had appeared to oppose, and remained till the expiration of the hour, and then departed, the magistrates could not have legally proceeded. And the judgment in that case as clearly implies that the creditor would have been bound to wait during the hour. If the debtor had an hour to appear and be examined, it was quite clear that the creditor also had an hour to appear and oppose.

The nearest analogy to the present case is that of a defendant cited to appear before a justice of the peace in a civil action. In the recent case of *Blanchard* v. *Walker,* 4 Cush. 455, it was

decided that, as a general rule, the plaintiff has one hour, from the time named, to enter his action, and that the defendant, appearing, is not bound to wait after the expiration of the hour.

In both these cases, we think, when a party is cited to appear, and when his rights may be affected by a default, some period of time beyond the minute fixed must be allowed before he can be chargeable with contumacy or default; and in the cases above stated, the general understanding and usage has fixed this period at one hour.

The cases of jurors and witnesses summoned to attend a court, or militia men at a parade, are not very analogous; there the nature of the duty demands punctual attendance, and therefore punctual attendance may reasonably be required.

The usage of the magistrates of a single county, as stated, in this respect, cannot, we think, affect the question, in opposition to what we understand to be the more general usage and understanding of the country, and the more reasonable rule, fixing the time at one hour. The certificate, therefore, was prematurely granted, the debtor was not legally discharged, and the plaintiffs are entitled to judgment. *Judgment for the plaintiffs.*